# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# BIRMINGHAM DIVISION

IN RE:

VICKY CUTTS WESLEY,

    Debtor.

Case No. 14-02295-TOM
Chapter 7

## RESPONSE TO DEBTOR'S MOTION FOR SANCTIONS

COME NOW, SN Servicing Corporation ("SN") and FCI Lender Services, Inc. ("FCI"), and file this Response to the Debtor's Motion for Sanctions for Violation of the Discharge Injunction [Doc. 44], respectfully showing this Honorable Court as follows:

1. On December 12, 2019, Debtor filed a Motion for Sanctions for Violation of the Discharge Injunction against SN and FCI. [Doc. 44].

2. Debtor alleges that a series of servicing related letters sent to her by SN ad FCI to the Debtor constitute attempts to collect a debt and are willful violations of the discharge injunction. [Doc. 44, ¶¶ 9-21].

3. "In the Eleventh Circuit, 'the test for whether a creditor violates the discharge injunction under 11 U.S.C. § 524(a)(2) is whether the objective effect of the creditor's action is to pressure a debtor to repay a discharged debt' even if such means is indirect." *In re Henriquez*, 536 B.R. 341, 345 (Bankr. N.D. Ga. 2015) (quoting *In re McLean*, 794 F.3d at 1321-22 (11th Cir. 2015)).

4. It is important to note, that the discharge injunction does not prohibit every communication between creditor and debtor; rather, the prohibition prevents those communications designed to collect, recover, or offset any such debt as a personal liability of the

1

debtor. *In re Henriquez*, 536 B.R. at 345. "As mortgages survive a discharge in bankruptcy, it necessarily follows that acts reasonably taken to service or foreclose a mortgage do not violate the discharge injunction." *In re Golden*, 568 B.R. 838, 841 (Bankr. M.D. Ala. 2017). Therefore, "[d]etermining whether communications with a debtor violate the discharge injunction is a particularly fact-intensive inquiry." *In re Henriquez*, 536 B.R. at 345. Some post discharge communication is necessary and should be encouraged, especially in cases where a debtor has indicated that she intends to keep the secured property. *In re Mele*, 486 B.R. 546, 556 (Bankr. N.D. Ga. 2013). For example, a written communication that is informational in nature and that does not have the objective effect of pressuring the Debtor to pay the discharged debt, do not violate the discharge injunction. *In re Henriquez*, 536 B.R. at 346; *In re Mele*, 486 B.R. 546; *Giles v. James B. Nutter & Co.*, (*In re Giles*), 502 B.R. 892 (Bankr. N.D. Ga. 2013).

5. "The fresh start notwithstanding, a Chapter 7 discharge does not avoid or otherwise affect a lien against property of the debtor." *In re Mele*, 486 B.R. at 555. Until a mortgagor's in rem rights against a property are exercised or the property is otherwise sold, "a debtor still has an interest in it and must be able to tolerate a small amount of communication from the mortgagor or servicer regarding the property." *In re Henriquez*, 536 B.R. at 350. Here, the Debtor still has title to the subject property and a foreclosure sale has not yet occurred.

6. Except for Exhibit G, [Doc. 44] at p. 32, each and every notice contains a prominent disclaimer regarding a bankruptcy discharge. The notices from SN each prominently state that:

> If you have previously received a discharge in bankruptcy and this debt was not reaffirmed, this correspondence is not and should not be construed to be an attempt to collect such a debt as your personal liability, but is instead a step in the enforcement of a mortgage lien against your property.

[Doc. 44] at pp. 28, 29, 30.

7. The notices from FCI contain similar disclaimers, and most of the notices have it in bolded capital letters:

> **IMPORTANT NOTICE: IF YOU OR YOUR ACCOUNT ARE SUBJECT TO PENDING BANKRUPTCY PROCEEDINGS, OR IF YOU RECEIVED A BANKRUPTCY DISCHARGE ON THIS DEBT, THIS STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT.**

*Id.* at pp. 35, 36, 38, 39, 41, 42, 43.

8. The Eleventh Circuit held that statements sent post-discharge that contain similar prominent disclaimers do not violate the discharge injunction. *In re Roth*, 935 F.3d 1270 (11th Cir. 2019). In *Roth*, a mortgage servicer sent a post-discharge statement that "included an amount due, due date, and instructions on how to send payment back to [the servicer.]" *Id.* at 1273. However, the statement also contained the following disclaimer:

> This statement is sent for informational purposes only and is not intended as an attempt to collect, assess, or recover a discharged debt from you, or as a demand for payment from any individual protected by the United States Bankruptcy Code. If this account is active or has been discharged in a bankruptcy proceeding, be advised this communication is for informational purposes only and is not an attempt to collect a debt. Please note, however Nationstar reserves the right to exercise its legal rights, including but not limited to foreclosure of its lien interest, only against the property securing the original obligation.

*Id.* at 1273-74. The Court concluded that the presence of the "prominent, clear, and broadly worded disclaimer" meant that the "objective effect" of the statement did not "pressure[e] the debtor to pay a discharged debt." *Id.* at 1276 (quoting *In re McLean*, 794 F.3d at 1322).

9. Because the notices at issue here (with the exception of Exhibit G) each contain a "prominent, clear, and broadly worded disclaimer," there has been no attempt to collect a debt in violation of the discharge injunction, and the Debtor's Motion for Sanctions should be denied.

3

10. Although Exhibit G does not contain a discharge disclaimer, that letter differs from the others at issue. That notice is simply a "Notice of Assignment, Sale, or Transfer of Servicing Rights" that is required by 12 U.S.C. § 2605(b). The notice says absolutely nothing that could be construed as demanding payment of the debt and thus it could not possibly violate the discharge injunction.

WHEREFORE, SN and FCI respectfully request that this Court inquire into the matters raised herein and deny the Debtor's Motion for Sanctions.

Respectfully submitted, this 14th day of January, 2020.

*/s/ Amanda M. Beckett*
AMANDA M. BECKETT (ASB-1884-N75B)
TIM PITTMAN (ASB-075-I51P)
**RUBIN LUBLIN, LLC**
428 North Lamar Blvd., Suite 107
Oxford, Mississippi 38655
(601) 398-0153 (Telephone)
(404) 921-9016 (Facsimile)
abeckett@rlselaw.com
tpittman@rlselaw.com

*Attorneys for SN Servicing Corporation and FCI Lender Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 14th day of January, 2020, filed the within and foregoing by CM/ECF, which will serve notice on all parties.

*/s/ Amanda M. Beckett*
AMANDA M. BECKETT

4